UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

COMMODITY FUTURES
TRADING COMMISSION,

        Plaintiff,                    Case No.: 6:20-cv-01657-CEM-GJK

      v.

HIGHRISE ADVANTAGE, LLC,
BULL RUN ADVANTAGE, LLC,
GREEN KNIGHT INVESTMENTS,
LLC, KING ROYALTY LLC, SR&B
INVESTMENT ENTERPRISES,
INC., AVINASH SINGH, RANDY
ROSSEAU, DANIEL COLOGERO,
HEMRAJ SINGH, and SURUJPAUL
SAHDEO,
        Defendants.

## CFTC'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL AND REQUEST FOR STATUS CONFERENCE

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") has discussed attorney Jeffrey Garber's motion to withdraw from representing Defendants Highrise Advantage LLC ("Highrise") and Avinash Singh ("A. Singh") with him and has concerns about the affect of his withdrawal on the case that warrant review by the Court. Therefore, the

1

Commission objects to the motion unless his withdrawal is subject to certain conditions as follows:

1. On February 1, 2023, the Commission served Notices of Deposition on Defendants Avinash Singh and Highrise for depositions on February 23 and 24, respectively.  See Exhibits A and B.

2. Mr. Garber responded to Commission counsel on February 1, 2023 that "Avinash Singh has not been heard from in over a year."  See Exhibit C.

3.  On February 8, 2023, Commission counsel requested that Mr. Garber respond by February 13 if he intended to produce A. Singh and/or the Fed. R. Civ. P. 30(b)(6) representative for Highrise for depositions on the noticed dates, explaining that the Commission did not want to incur the cost of depositions if no one would appear for them.  See Exhibit D.

4. Mr. Garber responded that he had no one to produce for depositions and that he would be filing a motion to withdraw.  He also informed the Commission that he "still had some money in trust that [he] need[ed] to turn over to the CFTC."  See Exhibit E.

5. Pursuant to Commission request, on February 10, 2023, Mr. Garber sent the Commission a letter confirming that he would not be producing Mr. Singh or a corporate representative of Highrise for depositions.  The

letter also noted that he planned to file a motion to withdraw and that he would "couple the motion to withdraw with a motion to disburse [the remainder of] Mr. Singh's retainer." See Exhibit F.

6. It appears that it was the Commission's noticing of Mr. Garber's clients' depositions that prompted his filing a motion for leave to withdraw. The Commission objects to this motion to withdraw for several reasons.

7. As a preliminary matter, Mr. Garber's Motion to Withdraw does not conform to the requirements of the Local Rules for the United States District Court Middle District of Florida, Rule 2.02, in that he has neglected to notify his client in writing fourteen days in advance before filing this motion. Alternatively, if compliance with notice to his absent clients is impossible, he has not provided a certification detailing the "compelling ethical problem" that prompts the timing of his motion to withdraw now, at least two years after his last client communication, especially since it could now jeopardize the trial date set in this matter.

8. The Commission does not want to incur the expense of proceeding with the depositions it has noticed if no one will appear. The Commission requests that this Court order Garber's clients to appear or face the

consequences of being sanctioned by the Court under F.R.C. P. Rule 37(b)(2)(A)(vi) by finding Singh and Highrise to be in default.

9.  It appears that Mr. Garber was last in contact with his clients on February 2, 2021, or earlier, as set forth in his Motion -- over two years ago.  Yet, he filed a responsive pleading on behalf of his clients on February 5, 2021 (Doc. #100) – three days after his clients' reported disappearance.  Further, he has been participating in discovery since that date, including attending 10 depositions, and has represented that he only has around $7,000 left on a $50,000 retainer. On information and belief, Mr. Garber's retainer consists of defrauded customer funds.

10.  If Mr. Garber is permitted to withdraw, after discovery is nearly concluded, it will be impossible for the plaintiff to engage in mediation with either Defendant Singh or Highrise scheduled for April 13, 2023. Further, with respect to Highrise,  a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel. Local Rule 2.02(b)(2).  Such a scenario prompted the court in *Citadel Commerce Corp., v. Cook Systems, Inc,* No. 8:08-cv-1923-T-33GTW (M.D. Fla. Mar. 24, 2009), 2009 WL 799424,  to deny,

without prejudice, counsel's motion to withdraw until substitute counsel was available to represent the corporate defendant.

11. Under these circumstances, if Mr. Garber is allowed to withdraw from this case, Defendants Highrise and A. Singh should be held in default.

WHEREFORE, the Commission requests that the Court hold Defendants Avinash Singh and Highrise in default and that Mr. Garber be required to account for the expenditure of his retainer after his last contact with his clients before he is allowed to withdraw.

By: /s/ Elizabeth M. Streit
Chief Trial Attorney
Attorney for Plaintiff
Commodity Futures Trading Commission
77 West Jackson Blvd, Suite 800
Chicago, IL 60604
Tel. (312) 596-0537
Fac. (312) 596-0714
*estreit@cftc.gov*

By: /s/ Susan B. Padove
Trial Counsel
Senior Trial Attorney
Attorney for Plaintiff
Commodity Futures Trading Commission
77 West Jackson Blvd., Suite 800
Chicago, IL 60604
Tel. (312) 596-0544
Cell: (202) 390-6885
Fax. (312) 596-0714
*spadove@cftc.gov*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2023, I caused a copy of the CFTC's Response to Motion to Withdraw as Counsel and Request for Status Conference to be served via the Court's electronic CM/ECF system upon the following:

Attorney for Defendants Avinash Singh and Highrise Advantage, LLC
Jeffrey M. Garber
FBN 102776
Nason, Yeager, Gerson, Harris & Fumero, P.A.
3001 PGA Blvd., Suite 305
Palm Beach Gardens, Florida  33410
Primary Email:  jgarber@nasonyeager.com
Secondary Email:  MParcells@nasonyeager.com
(561) 686-3307/Fax: (561)686-5442

Attorney for Defendants Daniel Cologero and Green Knight Investments, LLC
Matt Mueller
Fogarty Mueller Harris, PLLC
100 E. Madison Street, Suite 202
Tampa, FL 33602
(813) 682-1730 phone
(813) 682-1731 fax
matt@fmhlegal.com


Attorney for Defendants Randy Rosseau and Bull Run Advantage, LLC.
Douglas D. Marks, P.A.
310 5th Ave.
Indialantic, FL.  32903-0790
(321) 419-0948
dmarks@markslawbrevard.com

Attorneys for Defendants Surujpaul Sahdeo and SR&B Investment Enterprises,
       Inc.,
Henry B. Handler

William J. Berger
 David K. Friedman
Weiss, Handler, & Cornwell, P.A.
2255 Glades Road, Suite 205-East
Boca Raton, FL 33431
(561) 997-9995 phone
(561) 997-5280 fax
hbh@whcfla.com
wjb@whcfla.com
dkf@whcfla.com

      and

Hal K. Litchford
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
200 South Orange Ave,
Post Office Box 1549
Orlando, FL  32802-1549
(407) 422-6600
hlitchford@bakerdonelson.com

Attorney for Defendants Hemraj Singh and King Royalty LLC
Clifford J. Geismar
The Law Office of Clifford J. Geismar, PA
Crealde Business Center
2431 Aloma Avenue, Suite 109
Winter Park, FL 32792
407-673-1087
Phone: 407-673-1087
Fax: 407-673-0375
cgeismar1@gmail.com

                                            By: /s/ Susan B. Padove
                                            Trial Counsel
                                            Senior Trial Attorney
                                            Attorney for Plaintiff
                                            Commodity Futures Trading Commission
                                            77 West Jackson Blvd., Suite 800
                                            Chicago, IL 60604
                                            Tel. (312) 596-0544

                                  Cell:  (202) 390-6885
                                  *spadove@cftc.gov*