UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

v.

HIGHRISE ADVANTAGE, LLC,
BULL RUN ADVANTAGE, LLC,
GREEN KNIGHT INVESTMENTS,
LLC, KING ROYALTY LLC, SR&B
INVESTMENT ENTERPRISES,
INC., AVINASH SINGH, RANDY
ROSSEAU, DANIEL COLOGERO,
HEMRAJ SINGH, and SURUJPAUL
SAHDEO,
      Defendants.

Case No.: 6:20-cv-01657-CEM-GJK

**PLAINTIFF'S UNOPPOSED MOTION TO DIRECT DISTRIBUTION OF FROZEN FUNDS**

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"), moves this Court to order that the funds of Defendants Bull Run Advantage, LLC, Green Knight Investments, LLC, King Royalty LLC and SR&B Investment Enterprises ("Settling Corporate Defendants") frozen pursuant to the Court's Orders of Preliminary Injunction and other Relief ("PI Orders") issued on September 30, 2020 (ECF No. 73) be transferred by any custodian to the National Futures Association ("NFA") in the name of Restitution Funds set out below to

1

make distribution to the Settling Corporate Defendants' pool participants. In support of this motion the Commission states as follows:

1. The Commission is filing simultaneously with this motion four Consent Orders for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief against Settling Corporate Defendants and their respective principals Randy Rosseau, Daniel Cologero, Hemraj Singh, And Surujpaul Sahdeo (collectively "Settling Defendants'). These Consent Orders resolve the litigation against the Settling Defendants and set out the amount each of these Defendants owes to their pool participants in restitution, among other things.

2. The Consent Orders also appoint the NFA as Monitor to effect payment of each of the Settling Defendant's Restitution Obligations and the distribution of any restitution payments to Defendants' respective pool participants. The Consent Orders provide that the Monitor shall receive restitution payments from the Defendants and that the Defendants shall make restitution payments in the name of the respective Defendants' Settlement/Restitution Fund. *See e.g.* Consent Order For Permanent Injunction Civil Monetary Penalty And Other Equitable Relief Against

Defendants SR&B Investment Enterprises, Inc. and Surujpaul Sahdeo ("SR&B Consent Order" ¶¶ 74 and 75[1]).

3. The Consent Orders also provide that the "Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation." *See e.g.* SR&B Consent Order ¶ 77.

4. Finally, the Consent Orders life the asset freeze continued by the Court pursuant to the Pi Orders. *See e.g.* SR&B Consent Order. ¶ 85.

5. As set forth in Senior Investigator Joy McCormack's sixth declaration filed in support of Plaintiff's Motion and Memorandum in Support of a Default Judgment, Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief against Defendants Highrise Advantage, LLC and Avinash Singh ("Default Motion") (ECF No. 177.1) there are funds frozen in each of the Settling Corporate Defendants' names. See McCormack Decl. ¶¶ 30, 31, 32, and 33.

6. The Proposed Order filed with the Default Motion (ECF No. 177.2) provides that funds frozen in the names of Defaulting Defendants Avinash Singh and Highrise Advantage, LLC be transferred to the NFA as Monitor

---

[1] The other three Consent Orders against the other Settling Defendants contain similar provisions

in the name of "Highrise Restitution Fund". *See* Proposed Order ¶¶ 51, 55 and 56.

7. In order to more efficiently and expeditiously distribute frozen funds to all Defendants' pool participants, the Commission asks that the Court order that any of the Settling Corporate Defendants' funds frozen pursuant to the PI Orders be transferred directly to restitution funds being administered by the NFA acting as Monitor.

8. Thus any frozen funds in the name of SR&B Investment Enterprises, Inc. should be transferred to the Monitor in the name of "Defendants SR&B and Sahdeo Settlement/Restitution Fund".

9. Any frozen funds in the name of Green Knight Investments, LLC should be transferred to the Monitor in the name of the "Defendants Green Knight and Cologero Settlement/Restitution Fund".

10. Any frozen funds in the name of Bull Run Advantage, LLC should be transferred to the Monitor in the name of the "Bull Run-Rosseau Settlement Fund".

11. Any frozen funds in the name of King Royalty LLC should be transferred to the Monitor in the name of the "Defendants King Royalty and Hemraj Singh Settlement/Restitution Fund".

The Commission respectfully requests that an Order be entered directing that frozen funds be transferred to the NFA acting as Monitor as set forth above.

**Local Rule 3.01(g) Certification**

Plaintiff has conferred with all Defendants in this case, except for the Defaulting Defendants Highrise and A. Singh, and none oppose the relief sought by Plaintiff.

DATE: June 23, 2023

                                        Respectfully submitted,

                                        <u>By: /s/ Susan B. Padove</u>
                                        Trial Counsel
                                        Senior Trial Attorney
                                        Attorney for Plaintiff
                                        Commodity Futures Trading Commission
                                        77 West Jackson Blvd., Suite 800
                                        Chicago, IL 60604
                                        Tel. (312) 596-0544
                                        Cell: (202) 390-6885
                                        Fax. (312) 596-0714