UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COMMODITY FUTURES TRADING COMMISSION,**

      **Plaintiff,**

v.                                                  Case No. 6:20-cv-1657-CEM-RMN

**HIGHRISE ADVANTAGE, LLC, BULL RUN ADVANTAGE, LLC, GREEN KNIGHT INVESTMENTS, LLC, KING ROYALTY LLC, SR&B INVESTMENT ENTERPRISES, INC., AVINASH SINGH, RANDY ROSSEAU, DANIEL COLOGERO, HEMRAJ SINGH, and SURUJPAUL SAHDEO,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Appoint Limited Receiver (Doc. 173). The United States Magistrate Judge issued a Report and Recommendation (Doc. 186), recommending that the Motion to Appoint Limited Receiver be granted. After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and noting that no objections were timely filed, the Magistrate Judge's recommended disposition is accepted.

Also before the Court is Plaintiff's Motion for Default Judgment (Doc. 177). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 187), recommending that the Motion for Default Judgment be granted. Plaintiff filed Objections (Doc. 188), which propose corrections to the factual findings, conclusions of law, and remedies recommended in the R&R. The Court will address each in turn.

As to factual findings, "[a] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Cross v. Equityexperts.org, LLC*, No. 19-14067, 2021 U.S. App. LEXIS 33623, at *2 n.1 (11th Cir. Nov. 12, 2021) (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). Plaintiff objects that the R&R does not contain a specific factual finding that Defendant Avinash Singh was not registered with the Commodity Futures Trading Commission (the "Commission") as an associated person of a commodity pool operator. (*Id.* at 2). The R&R adopted as its findings of fact allegations from Plaintiff's Amended Complaint. (Doc. 187 at 3 (citing Doc. 98)). The R&R found that "Singh should have been registered as an associated person . . . of Highrise because he solicited funds or property for participation in a pooled investment vehicle that engaged in retail forex transactions." (*Id.* at 8 (citing Doc. 98 at 24); *see also* Doc. 98 at 24 ("[N]one of the Individual Defendants registered as [associate persons] of their respective [community pool operators] during the Relevant

Period.")). Plaintiff's Amended Complaint alleged that "Singh has never been registered with the Commission in any capacity." (Doc. 98 at 5). Thus, for the sake of clarity, the Court will make explicit what is implied in the R&R: Singh was not registered with the Commission as an associate person of a commodity pool operator.

Next, Plaintiff objects that the R&R does not find that Defendant Highrise Advantage, LLC ("Highrise") was a Florida limited liability company located in Orlando or that Singh resided in Saint Cloud, Florida. (Doc. 188 at 2). Relatedly, Plaintiff objects that the R&R did not conclude that venue was proper in this case. (*Id.* at 3). The Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, provides that "[a]ny action under this section may be brought in the district wherein the defendant is found or is an inhabitant or transacts business or in the district where the act or practice occurred." 7 U.S.C. § 13a-1(e). Plaintiff's Amended Complaint alleges that Highrise "is a Florida limited liability company with its business address in Orlando, Florida" and Singh "is a resident of Saint Cloud, Florida." (Doc. 98 at 5). This Court adopts those allegations in Plaintiff's Amended Complaint as findings of fact. Therefore, venue is proper in this case because Singh is inhabited in this District and Singh transacted business through Highrise in this District.

Plaintiff also objects that the R&R did not assert that the Court has jurisdiction over this action. (Doc. 188 at 2). District courts "have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. "Federal question jurisdiction may be based on . . . a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute." *City of Huntsville v. City of Madison*, 24 F.3d 169, 171–72 (11th Cir. 1994) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). Plaintiff brought this action for violations of federal law under the Commodity Exchange Act. (*See* Doc. 98 at 24–44). Additionally, district courts "have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. Plaintiff is an agency expressly authorized with jurisdiction over the issues in this action. 7 U.S.C. § 2(c)(2)(C)(vii) ("[T]he Commission shall have jurisdiction over, an account or pooled investment vehicle that is offered for the purpose of trading, or that trades, any agreement, contract, or transaction in foreign currency."). Thus, this Court has original jurisdiction over this action.

Lastly, Plaintiff objects that the R&R recommends that the Court order the defaulting Defendants to pay jointly and severally restitution in the amount of $25,585,594 instead of $25,558,594. It appears there is a scrivener's error in the R&R. (*See* Doc. 187 at 20 ("The Court should order Defendants to pay restitution .

. . jointly and severally, in the amount of $25,585,594.00.")). The record supports a restitution amount of $25,558,594. (*See id.* at 5 ("Highrise and Singh misappropriated $25,558,594 of the pool participants' funds."); (Doc. 177 at 24 ("During the Relevant Period, the Defaulting Defendants misappropriated $25,558,594 of pool participant funds.")). Thus, the defaulting Defendants will be ordered to pay $25,558,594 in restitution.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation on Plaintiff's Motion to Appoint Limited Receiver (Doc. 186) is **ADOPTED** and made a part of this Order.

2. Plaintiff's Motion to Appoint Limited Receiver (Doc. 173) is **GRANTED**.

3. Melanie E. Damian is **APPOINTED** as Receiver with the powers and authority as set forth in the Report and Recommendation (Doc. 186).

4. The Report and Recommendation on Plaintiff's Motion for Default Judgment (Doc. 187), as modified herein, is **ADOPTED** and made a part of this Order.

5. Plaintiff's Objections/Proposed Corrections (Doc. 188) are **SUSTAINED**.

6. Plaintiff's Motion for Default Judgment (Doc. 177) is **GRANTED**.

7. Defendants Avinash Singh and Highrise Advantage, LLC are **PERMANENTLY ENJOINED** as set forth in the Report and Recommendation (Doc. 187 at 17–20).

8. The Clerk is directed to enter **DEFAULT JUDGMENT** in favor of Plaintiff and against Defendants Avinash Singh and Highrise Advantage, LLC in the following amounts:

    a. $25,558,594.00 in restitution; and

    b. $76,675,782.00 in a civil monetary penalty.

9. Defendants Avinash Singh and Highrise Advantage, LLC shall pay restitution and the civil monetary penalty in the manner set forth in the Report and Recommendation (Doc. 187 at 20–25).

10. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record