## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

     Plaintiff,

     v.

HIGHRISE ADVANTAGE, LLC;
BULL RUN ADVANTAGE, LLC;
GREEN KNIGHT INVESTMENTS,
LLC; KING ROYALTY LLC; SR&B
INVESTMENT ENTERPRISES,
INC.; AVINASH SINGH; RANDY
ROSSEAU; DANIEL COLOGERO;
HEMRAJ SINGH; and
SURUJPAUL SAHDEO,

     Defendants.

Case No. 6:20-cv-1657-CEM-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion Seeking Order Authorizing the Disbursement of Money Held in the Court's Registry (Dkt. 192), filed on December 11, 2023. Upon consideration, it is respectfully recommended that the Motion be granted.

## I.     BACKGROUND

On February 14, 2023, attorney Jeffrey M. Garber ("Garber") filed a motion to withdraw as counsel for Defendants Highrise Advantage, LLC, and Avinash Singh. Dkt. 151. In the Motion, Garber represented that the remaining funds from Singh's retainer fee would be deposited into the Court's registry. *See id.* On March 20, 2023, the remaining retainer funds in the amount of $6,931.99 were deposited into the Court's registry on behalf of Highrise Advantage and Singh. Dkt. 163.

On November 28, 2023, the Court entered default judgment against Highrise Advantage and Singh. Dkt. 191. The default judgment included a joint and several monetary judgment against Highrise Advantage and Singh in the amount of $25,558,594 in restitution and $76,675,782 civil monetary penalty. *Id.* Plaintiff now requests that the remaining funds deposited into the Court's registry be applied as payment towards Highrise Advantage and Singh's restitution obligation. Dkt. 192 at 2.

## II.     ANALYSIS

Local Rule 7.03 governs funds deposited into the Court's registry. A motion to disburse funds from the Court's registry must: (1) identify the recipient of the disbursement; (2) proposed a precise disbursement of both principal and accumulated interest; and (3) include a proposed order accounting for each fee or other change against the deposit. Local Rule 7.03(b).

Upon review, based on the Court's receipt of registry funds in the amount of $6,931.99, the default judgment against Highrise Advantage and Singh, and Plaintiff's proposed order, the undersigned finds the request well taken and respectfully recommends that the Court direct the Clerk to disburse the requested funds, unless the Clerk determines that there are outstanding court costs to be paid.[1]

## III.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED**:

1.      Plaintiff's Motion Seeking Order Authorizing the Disbursement of Money Held in the Court's Registry (Dkt. 192), be **GRANTED**; and

2.      The Clerk should be **ORDERED** to disburse the $6,931.99 deposited with the Court Registry to "Highrise Restitution Fund" and be mailed to the following:

> Highrise Restitution Fund
> c/o Daniel A. Driscoll, Special Policy Advisor
> National Futures Association
> 320 South Canal Street – 24th Floor
> Chicago, IL 60606

**ENTERED** in chambers in Orlando, Florida, on December 15, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

---

[1] Plaintiff does not address or request any applicable interest, and thus, this Report does not further address whether Plaintiff would be entitled to interest on the registry funds.

Copies furnished to:

Counsel of Record